UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BETTY CARIACO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:13-CV-401-TAV-HBG |
| | ) |
| B17 HOLDINGS, LLC, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This civil action is before the Court on defendant's Motion for Summary Judgment [Doc. 4], in which defendant B17 Holdings, LLC ("B17 Holdings") moves the Court to grant summary judgment in its favor because there are no genuine issues as to any material fact. Plaintiff did not respond to defendant's motion, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2. For the reasons stated below, and in light of plaintiff's lack of opposition, defendant's motion will be granted. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought.").

**I. Background**

Plaintiff purchased the property that is the basis of this action in February 2002 [Doc. 1-2 ¶ 5]. The original mortgage on the property was held by bank BancMortgage Financial Corporation, but was immediately sold to Homeside Lending [*Id*.]. Shortly thereafter, plaintiff took a home equity loan against the property because of several

financial difficulties she was facing [*Id*. ¶ 8]. Plaintiff's second mortgage was obtained through Delta Community Credit Union ("Delta") [*Id*.].

In 2010, plaintiff fell behind on her second mortgage [*Id*. ¶ 12]. Delta had secured a Lender Paid Mortgage Insurance on the loan and charged it off when plaintiff defaulted [*Id*. ¶ 13]. Delta was paid the principal balance on the loan by Companion Property and Casualty Insurance Company ("Companion") under a policy whereby Companion was subrogated to the rights of Delta [Doc. 5]. Plaintiff alleges that she did not have knowledge of the transaction between Delta and Companion and continued to make payments to Delta until she realized that there were no changes to her loan balance [Doc. 1-2 ¶ 14].

In October 2010, Delta transferred the mortgage and accompanying note ("Note") to Companion and in November 2010, the assignment of the Deed of Trust from Delta to Companion was recorded [Doc. 5]. Companion subsequently assigned the Note and Deed of Trust to defendant with Wingspan Portfolio Advisors ("Wingspan") as servicer of the Note and holding it in favor of defendant [Doc 1-2 ¶ 15; Doc. 5]. Wingspan thereafter sent plaintiff a notice of servicing transfer, a notice of assignment, and a letter stating that her account was seriously delinquent [Doc. 5].

Wingspan continued to send plaintiff multiple correspondences between January 2012 and November 2012, which included billing statements, letters regarding plaintiff's payment struggles, and notices of the delinquent status of the loan [Doc. 5]. On February 17, 2012, Wingspan referred plaintiff's loan for initiation of foreclosure proceedings

2

[*Id*.]. A notice of acceleration letter was sent to plaintiff on February 28, 2012, and a notice of Trustee's sale of the property was sent to plaintiff on October 9, 2012 [*Id*]. The sale was advertised on October 12, October 19, and October 26, 2012, and subsequently conducted on November 20, 2012 [*Id*.]. The property was sold to the highest bidder at the foreclosure sale, which was defendant B17 Holdings [Doc. 1-2 ¶ 19]. After the sale, a release agreement was sent to plaintiff to vacate the property [Doc. 5].

Plaintiff brought this action for declaratory relief against defendant in the Chancery Court for Blount County [Doc. 1-2]. Defendant filed a timely notice of removal and removed the action to this Court on the basis of diversity jurisdiction [Doc. 1]. In her complaint, plaintiff seeks a judgment declaring that defendant has no legal ownership or equitable interest in the Note or Deed of Trust allowing it to maintain a foreclosure proceeding, that there was no legal assignment or transfer of the original Note or Deed of Trust, that the obligation on the Note was paid in full by Companion with no right of subrogation, and that the foreclosure sale of the property was legally defective and should be precluded from enforcement [Doc. 1-2].

## II. Standard of Review

Summary judgment under Rule 56 of the Federal Rules of Civil Procedure is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillips Morris*

3

*Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

"Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id*.

The Court's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper question for the factfinder. *Anderson*, 477 U.S. at 250. The Court does not weigh the evidence or determine the truth of the matter. *Id*. at 249. Nor does the Court search the record "to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 889 F.2d 1472, 1479–80 (6th Cir. 1989). Thus, "the inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a

4

finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## III. Analysis

Defendant argues that it is entitled to summary judgment because plaintiff has not stated a claim for declaratory relief [Doc. 5]. Particularly, defendant argues that plaintiff has not met her burden of alleging that an actual case or controversy exists in order to make a declaratory judgment appropriate in this case [*Id*.].

### A. Plaintiff's Challenge to the Validity of the Assignment of the Note and Deed of Trust

In her complaint, plaintiff argues that there was no legal assignment of either the Note or the Deed of Trust from the original lender to defendant [Doc. 1-2]. Defendant, on the other hand, argues that it was a holder in due course of the Note and had been assigned all rights in the Note before initiating the foreclosure proceedings [Doc. 5]. Defendant also argues that plaintiff does not have standing to challenge the validity of the assignment [*Id*.].

It is well settled that "a litigant who is not a party to an assignment lacks standing to challenge that assignment." *Hutchens v. Bank of Am. N.A.*, No. 3:11-CV-624, 2012 WL 1618316, at *10 (E.D. Tenn. May 9, 2012) (citing *Livonia Properties Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 399 F. App'x 97, 102–03 (6th Cir. 2010)). Therefore, if the assignment of the Note or Deed of Trust between the original lender and defendant was in fact defective, it would be an issue between the parties to the assignment, and not between plaintiff and defendant. *See Livonia*, 399 F. App'x at 103.

## B. Defendant's Right to Enforce the Note

Plaintiff also argues that defendant had no legal standing or proper legal ownership or equitable interest in either the Note or the Deed of Trust to institute or maintain foreclosure and eviction proceedings against her [Doc. 1-2]. In response, defendant argues that as the holder of the Note and the assignee of the Deed of Trust, it had the legal right to foreclose on the property and evict plaintiff following the foreclosure sale [Doc. 5].

Under Tennessee law, a "'[p]erson entitled to enforce' an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument . . ." Tenn. Code Ann. § 47-3-301. Accordingly, "the holder of a Note has the right to pursue foreclosure on the corresponding security instrument." *Schmidt v. Nat'l City Corp.*, No. 3:06-CV-209, 2008 WL 5248706, at *10 (E.D. Tenn. Dec. 17, 2008) (citations omitted).

At the time of the foreclosure on November 20, 2012, defendant was the holder of the Note and the assignee of the Deed of Trust, with Wingspan acting as servicer on defendant's behalf. Therefore, the Court finds that defendant had authority to foreclose on the property because defendant was a holder of the Note and Deed of Trust to the property.

6

Case 3:13-cv-00401-TAV-HBG   Document 9   Filed 05/28/14   Page 6 of 8   PageID #: 236

### C. Legal Defectiveness of the Foreclosure Proceeding and Injunctive Relief

Finally, plaintiff asserts that the foreclosure sale of the property was legally defective and should be precluded from enforcement [Doc. 1-2]. Defendant argues that the foreclosure sale was proper and was held in compliance with the statutory foreclosure procedures, and that plaintiff has not met her burden of showing entitlement to injunctive relief under Tennessee law [Doc. 5].

The procedures and minimum standards for conduct surrounding the foreclosure and sale of deeds of trust, mortgages, and other liens securing payment are set out in Tenn. Code Ann. § 35-5-101 *et seq*. Pursuant to these procedural requirements, defendant made three different advertisements of the sale, provided notice to plaintiff, and the property was sold to the highest bidder at the sale [Doc. 5]. Regardless, the statute provides that "a failure to satisfy the statutory requirements of the Code does not render a sale void or voidable." *Gibson v. Mortg. Elec. Registration Sys., Inc.*, No. 11-2173, 2011 WL 3608538, at *6 (W.D. Tenn. Aug. 16, 2011) (citing Tenn. Code Ann. § 35-5-106). Thus, the Court finds that the foreclosure sale was not legally defective because defendant complied with the statutory requirements.

In addition, plaintiff seeks injunctive relief precluding defendant from enforcing the foreclosure sale. Under Tennessee law, a court considering whether to grant pre-trial injunctive relief applies a four factor test: "(1) the threat of irreparable harm to plaintiff if the injunction is not granted; (2) the balance between this harm and the injury that granting the injunction would inflict on the defendant; (3) the probability that plaintiff

7

will succeed on the merits; and (4) the public interest." *Denver Area Meat Cutters & Empl'rs Pension Plan ex rel. Clayton Homes, Inc. v. Clayton*, 120 S.W.3d 841, 857 (Tenn. Ct. App. 2003) (citing *S. Cent. Tenn. R.R. Auth. v. Harakas*, 44 S.W.3d 912, 919 n.6 (Tenn. Ct. App. 2000)).

Here, even viewing the facts in the light most favorable to the plaintiff, as the Court is required to do on a motion for summary judgment, plaintiff has failed to demonstrate the probability that she will succeed on the merits. Rather, in light of the Court's finding above, the Court is convinced that plaintiff has not met her burden of proving that she is entitled to injunctive relief.

**IV.  Conclusion**

For the reasons stated above, the Court will **GRANT** defendant's motion for summary judgment [Doc. 4]. This action will be **DISMISSED** and the Clerk of Court will be **DIRECTED** to close this case.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE