UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BETTY CARIACO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:13-CV-401-TAV-HBG |
| | ) | |
| B17 HOLDINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on plaintiff's Motion to Set Aside Default Summary Judgment [Doc. 11], to which defendant has responded in opposition [Doc. 12]. Plaintiff did not file a reply within the timeframe set forth in the Local Rules, *see* E.D. Tenn. L.R. 7.1(a), 7.2, but did file a motion for a hearing [Doc. 13], to which defendant responded in opposition [Doc. 14]. For the reasons stated below, plaintiff's motion to set aside [Doc. 11] will be denied.

**I.     Background**[1]

Plaintiff filed suit against defendant seeking declaratory relief after defendant foreclosed on her property and asked her to vacate the property. Defendant subsequently moved for summary judgment on October 3, 2013 [Doc. 4], and plaintiff failed to respond to defendant's motion. On May 28, 2014, the Court granted defendant's motion for summary judgment, finding that there were no genuine disputes as to any material

---

[1] Although only discussed to the extent relevant, the Court presumes familiarity with the underlying facts of this case.

facts present [Docs. 9, 10]. Plaintiff subsequently filed the instant motion to set aside the Court's order for summary judgment in favor of defendant on June 9, 2014 [Doc. 11].

## II. Analysis

Plaintiff has moved the Court to set aside its order granting defendant's motion for summary judgment pursuant to Rules 55 and 60(b) of the Federal Rules of Civil Procedure [Doc. 11].[2] In her motion, plaintiff argues that she reviewed the Court's local rules and Rule 56 of the Federal Rules of Civil Procedure and detrimentally relied on the fact that the Rules do not provide a specific deadline for responses [*Id*.]. Additionally, plaintiff argues that she presumed that the Court would set a hearing date for defendant's summary judgment, and intended to file a response before the hearing [*Id*.]. Plaintiff contends that her actions constituted excusable neglect and the Court's failure to set aside its order granting defendant summary judgment will detrimentally affect her [*Id*.].

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that: "On motion . . . the court may relieve a party or its legal representative from a final judgment . . . for . . . mistake, inadvertence, surprise, or excusable neglect." "To be eligible for relief under 60(b)(1), a movant must demonstrate that he has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect." *Brown v. White*, No. 9603610, 1997 WL 570399, at *2 (6th Cir. Sept. 11,

---

[2] Fed. R. Civ. P. 55 governs default judgments. Particularly, Rule 55(c) provides that "the court may set aside the entry of default judgment for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). The Court notes, however, that its order granting summary judgment for defendant [Doc. 10], was not a default judgment, but one made after considering the record and the facts of the case. Therefore, the Court does not address plaintiff's motion under Rule 55.

2

1997).  However, "[f]actors such as . . . prejudice to the plaintiff are not relevant under Rule 60(b)(1) unless the party first demonstrates excusable neglect, mistake, surprise, or inadvertence."  *Money for Lawsuits V LP v. Rowe*, No. 12-2319, 2014 WL 2794656, at *2 (6th Cir. June 19, 2014) (quoting *United States v. Reyes*, 307 F.3d 451, 456 (6th Cir. 2002)) (internal quotation marks omitted).  Furthermore, Sixth Circuit jurisprudence has held that "[t]he failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is *inexcusable neglect*."  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490–91 (6th Cir. 2000) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 175 (6th Cir. 1984)) (internal quotation marks omitted).

Here, the Court must first note that a cursory review of the Court's local rules reveals that absent a notification to the contrary, parties have 21 days to respond to dispositive motions.  *See* E.D. Tenn. L.R. 7.1(a)(2).  In addition, E.D. Tenn. L.R. 7.2 provides that "[m]otions will be disposed of routinely as soon as possible after they become at issue, unless a hearing has been requested and granted or unless the Court desires a hearing on the motion(s)."  Even further, the Court notes that Rule 56 of the Federal Rules of Civil Procedure does not mandate an oral hearing on a motion for summary judgment.

Therefore, in light of well-established Sixth Circuit jurisprudence holding that failure to respond to a motion is insufficient to establish excusable neglect under Rule 60(b)(1) of the Federal Rules of Civil Procedure, and the clearly delineated timelines on

3

motion filing in the Court's local rules, the Court finds that plaintiff has failed to show grounds for relief from the Court's order granting summary judgment to defendant.[3]

## III. Conclusion

For the reasons discussed above, plaintiff's motion to set aside the order for summary judgment [Doc. 11] is hereby **DENIED**.

IT IS SO ORDERED.

                                      s/ Thomas A. Varlan
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The Court finds that a hearing in this matter would not be beneficial, as the Court finds the issues before it sufficiently briefed and the positions of the parties clearly established. Accordingly, plaintiff's motion for a hearing [Doc. 13] will be **DENIED**.